| | |
|---|---|
| UNITED STATES OF AMERICA | ) |
| | ) Case No. 2:22-cr-51-JRG-CRW-1 |
| v. | ) |
| | ) |
| JASON LYNN EISENHOUR | ) |

REPORT AND RECOMMENDATION

Pursuant to 28 U.S.C. § 636(b), I conducted a plea hearing in this case on July 14, 2022. At the hearing, Defendant waived his right to prosecution by indictment and consented to proceeding via an Information rather than indictment. He then entered a plea of guilty to the one-count Bill of Information pursuant to a written plea agreement. I find that Defendant knowingly and voluntarily waived both his right to prosecution by indictment and to have a change of plea hearing before the district judge, instead consenting for the magistrate judge to hold the hearing. On the basis of the record made at the hearing, I find Defendant is capable and competent to enter an informed plea; the plea is made knowingly and with full understanding of each of the rights he waived by entering a guilty plea; the plea is made voluntarily and free from any force, threats, or promises; apart from the promises in the plea agreement; Defendant understands the nature of the charge and penalties provided by law; and the plea has a sufficient basis in fact.

For these reasons, I **RECOMMEND** that Defendant's plea of guilty to the Bill of Information be accepted and the Court adjudicate him guilty of the charge set forth in the Bill of Information. I further **RECOMMEND** that the decision on whether to accept the plea agreement be deferred until sentencing. Defendant was already in custody on state court charges prior to

appearing for his change of plea hearing and did not request release at the hearing, and as such I further **RECOMMEND** that he remain in custody pending sentencing or further court proceedings before the district court. This Court acknowledges that acceptance of the plea, adjudication of guilt, acceptance of the plea agreement, and imposition of sentence are specifically reserved for the district judge.

s/ Cynthia Richardson Wyrick
UNITED STATES MAGISTRATE JUDGE

NOTICE TO PARTIES

You have the right to *de novo* review of the foregoing findings by the district judge. Any application for review must be in writing, must specify the portions of the findings or proceedings objected to, and must be filed and served no later than **fourteen days** after the plea hearing. Failure to file objections within fourteen days constitutes a waiver of any further right to challenge the plea of guilty in this matter. *See* 28 U.S.C. § 636(b).

2

Case 2:22-cr-00051-JRG-CRW   Document 15   Filed 07/18/22   Page 2 of 2   PageID #: 30